IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00193-MR

| | |
|---|---|
| JASON CARMONA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNION COUNTY SHERIFF'S OFFICE, )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I. BACKGROUND

The incarcerated pro se Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983 and 1985, and North Carolina law, addressing the circumstances of various arrests.[1] [Doc. 1]. On September 7, 2022 the Court denied the Plaintiff's attempts to amend the Complaint in a piecemeal fashion and granted him the opportunity to file a superseding Amended Complaint. [Doc.

---

[1] The Plaintiff filed this action while he was a pretrial detainee at the Union County Jail. He is presently serving several sentences in the North Carolina Department of Public Safety. The Plaintiff is reminded that it is his responsibility to keep the Court apprised of his current address at all times, and the failure to do so may result in this actions' dismissal. [See Doc. 3 (Order of Instructions)].

10; see Docs. 8, 9]. The Plaintiff has not filed an Amended Complaint, and the time to do so has expired. [Doc. 10]. The Court will, therefore, review the original Complaint for frivolity.

The Plaintiff names as Defendants in their individual and official capacities: the Union County Sheriff's Office (UCSO)/ Sheriff Eddie Cathey;[2] Elizabeth Williams, a UCSO homicide detective; Kevin Cuicevich, Jr., a UCSO detective;[3] and FNU Birchmore and FNU Mason, UCSO officers. [Doc. 1 at 1-3]. The Plaintiff claims that "for many years [he has] been harassed, wrongly arrested, discriminated, bias, & falsly imprisoned and put on t.v., jails social media, YouTube, newspaper, and [he is] innocent (libel). Also probly falls under cruel & unusual punishment for all [he has] had to endure." [Doc. 1 at 2] (errors uncorrected). As injury, he claims that "[he has] been physically injured (broken hand in assault at jail).[4] [He is] mentally & emotionally (injured sick) and a wreck, [he] take[s] medications. [He is] injured by (libel) [his] name is forever ruined and will haunt [him] in all aspects

---

[2] Also "Cathy" in the Complaint. [Doc. 1 at 4].

[3] According to the Plaintiff, Defendant Cuicevich is no longer employed at UCSO.

[4] The Plaintiff claimed in this Court, Case Nos. 3:21-cv-366-MR and 3:22-cv-122-MR, that UCJ employees failed to protect him from an attack by other inmates, sustained injuries including a broken hand, and received inadequate medical care. Case No. 3:22-cv-122 was dismissed as duplicative, and Case No. 3:21-cv-366 is still pending.

in [his] life now, [he has] lost time in [his] life as well. [He] will never get back, all together about 2 years." [Doc. 1 at 4]. The Plaintiff seeks damages and a jury trial. [Id. at 1, 4, 16].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

3

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Parties

As a preliminary matter, the Complaint contains pronouns and vague terms rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 1 at 6, 10 ("office," "detectives," and "they")]. To the extent that the Court is unable to determine to whom the Plaintiff refers, these claims are too vague and conclusory to proceed and are dismissed without prejudice. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

Moreover, to the extent that the body of the Complaint refers to individuals who have not been named as Defendants in the caption as required by the Federal Rules of Civil Procedure, those allegations are nullities. [See, e.g., Doc. 1 at 6-7 ("medical," Abigail Pearce, and the "state D.A.")]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the

4

parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity").

The allegations that are vague, and that are directed at individuals not named as Defendants are therefore dismissed without prejudice.

### B. Section 1983 Claims

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### 1. Official Capacity Claims

The Plaintiff names the UCSO as a Defendant, and he purports to sue all of the Defendants in their official capacities. Suits against sheriffs and their employees in their official capacities are, in substance, claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of

5

federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). A single incident is "almost never" enough to warrant municipal liability. Est. of Jones by Jones v. City of Martinsburg, W. Va., 961 F.3d 661, 671-72 (4th Cir. 2020), *as amended* (June 10, 2020) (citing Semple v. City of Moundsville, 195 F.3d 708, 713-14 (4th Cir. 1999)). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). For a municipality to be liable under § 1983 for failing to properly train police, the failure to train must "amount[ ] to deliberate indifference to the rights of persons with whom the police come into contact." Est. of Jones, 961 F.3d at 671-72 (quoting City of Canton, 489 U.S. at 388). If a failure to train reflects deliberate or consciously indifferent policy, then its failure can fairly be said

6

to be the "moving force" behind the constitutional violation. Id. Additionally, the training deficiency "must cause the incident." Id.

Here, the Plaintiff claims that Sheriff Cathey "has a training policy that his officers must obey, they should not discriminate, be bias, they must act with morals, ethics, professionalism, diversity etc…." [Doc. 1 at 4, 6]; and that "[t]he sheriff and his office must be held liable for any ones actions…." [id. at 6] (errors uncorrected). The only UCSO policy to which the Plaintiff refers is one that *prohibits* discrimination and bias. He has failed to identify any UCSO custom or policy that allegedly resulted in the violation of his rights.[5] Rather, it appears that he attempts to hold UCSO and Sheriff Cathey liable under a respondeat superior theory for the individual Defendants' actions. His allegations fail to support a plausible Monell claim and, accordingly, the claims against UCSO, Sheriff Cathey, and the UCSO Defendants in their official capacities are dismissed without prejudice.

---

[5] To the extent that the Plaintiff is alleging that the individual Defendants violated UCSO policy, a policy violation by itself is insufficient to state a § 1983 claim. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

7

## 2. Fourth Amendment

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. Amend. IV. To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013); Wallace v. Kato, 549 U.S. 384, 387-88 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter"); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) ("false arrest and false imprisonment claims … are essentially claims alleging a seizure of the person in violation of the Fourth Amendment…."). A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Hupp v. Cook, 931 F.3d 307, 323-24 (4th Cir. 1993); Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000); see Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022) (addressing the "favorable termination" element of a malicious prosecution claim).

The Plaintiff appears to assert that Defendants Williams, Cuicevich, Birchmore, and Mason falsely arrested, imprisoned, and prosecuted him with respect to Union County Case Nos. 18CRS053947, 19CRS054246,

20CRS000325, 20CRS000326, 20CR502924,[6] 21CRS000514, 21CRS050625, and 21CRS050631. [Doc. 1 at 1-2, 8, 10-13]. Taking the allegations as true and construing all inferences in the Plaintiff's favor, the Fourth Amendment claims pass initial review in that they are not clearly frivolous.[7]

### 3. Equal Protection

To state an equal protection claim, the Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)).

The Plaintiff claims that Defendants Birchmore, Williams, Cuicevich, and Mason treated him differently from other individuals who were involved

---

[6] This appears to refer to Case No. 20CR052924.

[7] The Court declines at this stage to address abstention principles, or the favorable termination element of a malicious prosecution claim at this early juncture. See generally Heck v. Humphrey, 512 U.S. 477 (1994); Thompson, 142 S. Ct. at 1335.

in suspected criminal activity, because he is "Spanish." [Doc. 1 at 6, 8, 11-12]. Taking the allegations as true and construing all inferences in the Plaintiff's favor, the equal protection claim passes initial review as not clearly frivolous.

### 4. Cruel and Unusual Punishment

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 F. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

The Plaintiff asserts a claim for "cruel & unusual punishment" for "all [he has] had to endure." [Doc. 1 at 1, 2]. This appears to refer to the broken hand that the Plaintiff allegedly sustained in jail, his arrests and criminal

10

charges, and the publicity connecting him with allegations of criminal activity. [Id. at 13].  The Plaintiff's bald references to cruel and unusual punishment are too vague and conclusory to state a claim.  See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.  Moreover, the Plaintiff admits that he has raised claims involving the same facts in other cases before this Court, Case Nos. 3:22-cv-122 and 3:21-cv-366.  [Doc. 1 at 5]; see note 3, *supra*.  To the extent that he is attempting to file duplicative claims, this will not be permitted.

To the extent that the Plaintiff is attempting to challenge the fact or duration of his present confinement he must do so, if at all, in a separate civil action rather than in this § 1983 proceeding.  See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1983) (habeas petitions are traditionally brought to challenge "the very fact or duration of his physical confinement"); 28 U.S.C. § 2254.[8]

### C. Section 1985 Claim

To state a claim under Section 1985, a plaintiff must allege "concrete facts" showing that defendants entered a conspiracy which deprived the plaintiff of his civil rights.  Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th

---

[8] The Court makes no determinations about the potential merit or procedural viability of any such action.

11

Cir. 2009). To state a § 1985 claim, a plaintiff must allege "(1) [a] conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). "[W]henever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts," the plaintiff has failed to state a § 1985 claim. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." Id.

Here, the Plaintiff claims that "[t]he sheriff and office knew Plaintiff was not responsible from the very beginning and used Plaintiff as an escape goat because he is of Spanish decent and thought him to be a big time drug dealer and killer…" [Doc. 1 at 6]; "that they knew that the real killer [was] Ms. Abigail Pearce…" [id.]; and that Defendants Williams and Cuicevich "plot[ted] to hold this Spanish Plaintiff" without any evidence [id. at 8] (errors uncorrected).

Taking the Plaintiff's allegations as true and drawing reasonable inferences therefrom in the Plaintiff's favor, the Plaintiff's § 1985 claim is

12

minimally sufficient to pass initial review against Defendants Williams and Cuicevich. However, to the extent that the Plaintiff intended to assert a § 1985 claim against the other Defendants, it is too vague, conclusory, and devoid of factual allegations to proceed, and it is dismissed without prejudice. See Simmons, 47 F.3d at 1377.

### D. Supplemental Jurisdiction

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

Here, the Plaintiff asserts a claim for libel under North Carolina law with regard to publicity connecting him to the criminal cases. [Doc. 1 at 2, 6-7, 9-11]. This claim appears to be related to the Plaintiff's federal claims that have passed initial review, and the Court will exercise supplemental jurisdiction over it at this time.

## IV. CONCLUSION

For the foregoing reasons, the Complaint passes initial review on the Plaintiff's § 1983 claims against Defendants Williams, Cuicevich, Birchmore, and Mason for violating the Fourth Amendment and equal protection, and the § 1985 claims against Defendants Williams and Cuicevich. The Court will exercise supplemental jurisdiction over the Plaintiff's libel claims against Defendants Williams, Cuicevich, Birchmore, and Mason. The remaining claims will be dismissed without prejudice.

Finally, the Court notes that the Plaintiff is no stranger to federal litigation. He has filed many cases in this District and in the Middle District of North Carolina. See Carmona v. Kiker, 2022 WL 2921016 (W.D.N.C. July 25, 2022) (summarizing the Plaintiff's litigation history). The Plaintiff is again strongly cautioned against filing future lawsuits for any improper purpose, and to comply with the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure. [See Doc. 3 (Order of Instructions)]. The failure to comply may result in striking any improper filings, and/or the dismissal of this lawsuit.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint passes initial review on the Plaintiff's § 1983 claims against Defendants Williams, Cuicevich, Birchmore, and Mason for violating the Fourth Amendment and equal protection, and the § 1985 claims against Defendants Williams and Cuicevich. The Court exercises supplemental jurisdiction over the Plaintiff's North Carolina libel claims against Defendants Williams, Cuicevich, Birchmore, and Mason.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to mail four blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendants Williams, Cuicevich, Birchmore, and Mason. Once the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

The Clerk is also respectfully instructed to mail a blank § 2254 form, and a copy of this Order to the Plaintiff at his address of record at the Union County Jail, as well as to him at the Piedmont Correctional Institution, Inmate No. 1476563.

**IT IS SO ORDERED**.

Signed: January 25, 2023

Martin Reidinger
Chief United States District Judge