IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00193-MR

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNION COUNTY SHERIFF'S ) | |
| OFFICE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se "Motion to Dismiss" [Doc. 22 at 2].

The incarcerated Plaintiff, proceeding pro se, filed the Complaint pursuant to 42 U.S.C. §§ 1983 and 1985, and North Carolina law against: the Union County Sheriff's Office (UCSO); Sheriff Eddie Cathey; Elizabeth Williams, a homicide detective; Kevin Ciucevich, Jr., a UCSO detective; and FNU Birchmore and FNU Mason, UCSO officers. The Complaint passed initial review against Defendants Williams, Ciucevich, Birchmore, and Mason. [Doc. 11]. On February 21, 2023, Defendants Ciucevich, Mason, and Williams filed an Answer and a Motion for Judgment on the Pleadings, in which they ask the Court to dismiss this action as frivolous and malicious

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). [Docs. 14, 15]. Defendant Birchmore did not file an Answer, but filed a Motion to Dismiss for Failure to State a Claim on March 2, 2023. [Doc. 20].

On March 3, 2023, counsel for Defendants Ciucevich, Mason, and Williams filed a Letter attaching the instant "Motion to Dismiss," which the Plaintiff mailed to counsel but failed to file with the Court. [Doc. 22 at 2-4]. In it, the Plaintiff states that he "wishes to drop the lawsuit and not take up the courts time at this moment." [Id. at 2]. He asks the Court to "dismiss without prejudice until the Plaintiff can resolve other issues regarding this case no: or however the Court deems proper." [Id. at 3]. The Clerk will be instructed to separately docket the Letter's attachment as a Motion to Dismiss.

Under Rule 41(a)(1)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a motion for summary judgment, whichever occurs first. See Fed. R. Civ. P. 41(a)(1)(i). The dismissal is without prejudice unless the notice of dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B). "A voluntary dismissal under Rule 41(a)(1)(i) 'is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is

2

Case 3:22-cv-00193-MR   Document 24   Filed 03/08/23   Page 2 of 5

required.'" In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (quoting Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (citations omitted)).

Rule 41(a)(2) allows for an action to be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (citation omitted). In determining whether to allow a motion to dismiss without prejudice, the Court should consider such factors as "[1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the movant, and [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation." Id. at 179 (citing Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (internal quotation marks omitted)).

The Plaintiff is notified that, unless the Plaintiff files written objections within fourteen (14) days of this Order, the Court will construe the Motion to Dismiss as seeking voluntary dismissal pursuant to 41(a)(1)(i) as to Defendant Birchmore, and voluntary dismissal pursuant to Rule 41(a)(2) as to Defendants Ciucevich, Mason, and Williams. Should the Plaintiff fail to

3
Case 3:22-cv-00193-MR   Document 24   Filed 03/08/23   Page 3 of 5

timely object, the case will be dismissed as to Defendant Birchmore without further notice; Defendants Ciucevich, Mason, and Williams will have fourteen (14) days to respond to the Plaintiff's Motion to Dismiss; and the Plaintiff may then reply within seven (7) days after Defendants' response is filed.

**IT IS THEREFORE ORDERED** that:

1. The "Motion to Dismiss" [Doc. 22 at 2] is construed as seeking voluntary dismissal pursuant to 41(a)(1)(i) as to Defendant Birchmore, and voluntary dismissal pursuant to Rule 41(a)(2) as to Defendants Ciucevich, Mason, and Williams.

2. The Clerk is respectfully instructed to docket the Motion to Dismiss [Doc. 22 at 2-4] as a separate docket entry.

3. The Plaintiff may file written objections within **fourteen (14) days** of this Order if he did not intend to voluntarily dismiss this case.

4. Should the Plaintiff fail to timely object, this action will be dismissed without prejudice as to Defendant Birchmore pursuant to Rule 41(a)(1)(i) without further notice; Defendants Ciucevich, Mason, and Williams will have the opportunity to respond within **fourteen (14) days**; and the Plaintiff may reply within **seven (7) days** after Defendants' response is filed.

**IT IS SO ORDERED.**

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge