# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:22-cv-00193-MR

| | | |
|---|---|---|
| JASON CARMONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| UNION COUNTY SHERIFF'S OFFICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendants Williams, Ciucevich, and Mason's Motion for Judgment on the Pleadings [Doc. 15]; Defendant Birchmore's Motion to Dismiss [Doc. 20]; and the Plaintiff's Motion to Dismiss [Doc. 23].

## I.    PROCEDURAL BACKGROUND

The incarcerated Plaintiff, proceeding pro se, filed the Complaint pursuant to 42 U.S.C. §§ 1983 and 1985, and North Carolina law.  The Complaint passed initial review on § 1983 claims for violations of the Fourth Amendment and equal protection against Elizabeth Williams, Kevin Ciucevich, Jr., Brantley Birchmore, and Anthony Mason; on § 1985 claims against Defendants Williams and Ciucevich; and the Court exercised

supplemental jurisdiction over the Plaintiff's North Carolina libel claims against Defendants Williams, Ciucevich, Birchmore, and Mason.[1] [Doc. 11].

Meanwhile, on December 15, 2022, the Plaintiff pled guilty in Monroe County Superior Court to attempted trafficking by transportation and attempted trafficking by possession (Case No. 21CRS050631) and involuntary manslaughter (Case No. 21CRS050625). He agreed to two consecutive terms of 30 to 45 months' imprisonment for the trafficking charges, and a consecutive term of between 26 and 41 months for the involuntary manslaughter.[2] [ Doc. 15-4 at 8-9 (Plea Transcript)].

The Plaintiff nevertheless completed summons forms for service on the Defendants in this case. [See Doc. 18].

On February 21, 2023, Defendants Ciucevich, Mason, and Williams filed an Answer and a Motion for Judgment on the Pleadings, in which they ask the Court to dismiss this action as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). [Docs. 14, 15]. The Court entered an Order in

---

[1] The Clerk will be instructed to correct the Defendants' names in the Court record.

[2] The State dismissed charges of conspiracy to sell a controlled substance; possession with attempt to sell and deliver a controlled substance; possession of drug paraphernalia; driving while licensed revoked; misdemeanor fleeing to elude; possession of methamphetamine; and death by distribution (Case Nos. 18CRS54246, 19CRS54246, 20CRS325, 20CRS326, 20CRS52924, 21CRS514, and 21CRS50625).

accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of his right to respond to the Motion. [Doc. 19].

On March 2, 2023, Defendant Birchmore filed a Motion to Dismiss for Failure to State a Claim. [Doc. 20]. He has not filed an Answer to date. [Doc. 20].

The Plaintiff did not file a response to the Defendants' Motions with the Court. Instead, the Plaintiff mailed defense counsel a "Motion to Dismiss" dated February 23, 2023. The Defendants filed the Plaintiff's Motion on March 3, 2023. [Doc. 22 at 2-4; <u>see</u> Doc. 23 (separately docketed Motion to Dismiss)]. In his Motion, the Plaintiff states that he "wishes to drop the lawsuit and not take up the courts time at this moment" and asks the Court to "dismiss without prejudice until the Plaintiff can resolve other issues regarding this case . . . ." [Doc. 23 at 1-2].

On March 8, 2023, the Court issued an Order informing the parties of its intent to construe the Plaintiff's Motion to Dismiss as seeking voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure as to Defendant Birchmore, and pursuant to Rule 41(a)(2) as to Defendants Ciucevich, Mason, and Williams. [Doc. 24]. The Court granted the Plaintiff 14 days to file written objections as to the voluntary

dismissal of Birchmore, and it granted Defendants Ciucevich, Mason, and Williams 14 days to respond to the Plaintiff's Motion to Dismiss.

Defendants Ciucevich, Mason, and Williams filed a Response objecting to the Plaintiff's motion.  [Doc. 25].  They ask the Court dismiss the entire action with prejudice as frivolous and malicious because the Plaintiff pleaded guilty to the underlying criminal offenses, and thus admitted their veracity.  [Id.].

The Plaintiff mailed a Response to counsel for Defendants Ciucevich, Mason, and Williams.[3]  [Doc. 26].  In it, the Plaintiff accuses the Defendants of misconduct, claims that he is a victim, states that he pleaded guilty to three crimes "that [he is] not guilty of" because "the county and system is corrupted," and expresses fear that the Defendants will mistreat, kill, or retaliate against him in the future.  [Id. at 3].  He states that he should have the right to "go after" an officer who may mistreat him in future.  [Id. at 4-5.  He proposes that: "when and if [he] choose[s] to keep going with the previous lawsuits in some other manner in future [he] should be able to[], and if [he] ha[s] to file a new lawsuit one day not related to any of [his] past ones [he]

---

[3] The Court will instruct the Clerk to docket the Response as a separate docket entry. The Plaintiff is cautioned that the Court will no longer accept pleadings which he has failed to file with the Court or are otherwise improper.

will look for a licensed lawyer first." [Id. at 5]. He asks the Court to "deem as they see proper…." [Id.].

## II. DISCUSSION

Under Rule 41(a)(1)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a motion for summary judgment, whichever occurs first. See Fed. R. Civ. P. 41(a)(1)(i). The dismissal is without prejudice unless the notice of dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B). The Plaintiff has not objected to construing his Motion to Dismiss [Doc. 23] as a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(i) as to Defendant Birchmore and, accordingly, Birchmore is dismissed from this action without prejudice and his Motion to Dismiss is denied as moot. See In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (a voluntary dismissal under Rule 41(a)(1)(i) is self-executing).

Rule 41(a)(2) allows for an action to be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (citation omitted). In determining whether to allow a motion to dismiss without prejudice, the

Court should consider such factors as "[1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the movant, and [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation." Id. at 179 (citing Miller v. Terramite Corp., 114 F. App'x 536, 540 (4th Cir. 2004) (internal quotation marks omitted)).

With respect to the Plaintiff's claims against Defendants Ciucevich, Mason, and Williams, the Complaint passed initial review on January 25, 2023, more than a month after the Plaintiff pleaded guilty in the related criminal cases. [Doc. 11; see Docs. 15-2, 15-3]. He filled out summonses for these Defendants and returned them to the Court on February 3, 2023. [Doc. 12]. He then waited until after these Defendants filed their Answer and Motion for Judgment on the Pleadings on February 21, 2023 before finally moving to voluntarily dismiss in a Motion that is dated February 23, 2023. [Docs. 14, 15, 20]. The Plaintiff's lack of diligence caused these Defendants the unnecessary expense of preparing an Answer and a Motion for Judgment on the Pleadings; he has failed to adequately explain his delay and his Response does not adequately explain his conduct. The Court is not satisfied that the Plaintiff will decline to assert these claims in a future action. Accordingly, the claims against Defendants Ciucevich, Mason, and Williams

6

are dismissed with prejudice, and their Motion for Judgment on the Pleadings is denied as moot.[4]

In sum, for the reasons stated herein, the Plaintiff's Motion to Dismiss [Doc. 23] is construed as a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(i) as to Defendant Birchmore, and as a Motion to Voluntarily Dismiss pursuant to Rule 41(a)(2) as to Defendants Ciucevich, Mason, and Williams and it is granted in part and denied in part as described in this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion to Dismiss [Doc. 23] is construed as a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(i) as to Defendant Birchmore, and as a Motion to Voluntarily Dismiss pursuant to Rule 41(a)(2) as to Defendants Ciucevich, Mason, and Williams and it is **GRANTED IN PART AND DENIED IN PART**. The Notice operates as a self-executing dismissal as to Defendant Birchmore and, accordingly, the Motion is **DENIED AS MOOT** as to him. The Motion to Voluntarily Dismiss as to

---

[4] Had the Plaintiff not moved to voluntarily dismiss this action, the Court would have granted Defendants Ciucevich, Mason, and Williams' Motion for Judgment on the Pleadings for the reasons described in the Motion.

Defendants Ciucevich, Mason, and Williams is **GRANTED** and this action as to said Defendants is **DISMISSED WITH PREJUDICE**.

2. The Clerk is instructed to enter Docket Entry 26, pages 2-6, as the Plaintiff's Response in CM-ECF.

3. Defendants Williams, Ciucevich, and Mason's Motion for Judgment on the Pleadings [Doc. 15] is **DENIED AS MOOT**.

4. Defendant Birchmore's Motion to Dismiss [Doc. 20], is **DENIED AS MOOT**.

The Clerk is respectfully instructed to correct the Defendant's name in the in the Court's records as follows: Brantley Birchmore for "FNU Birchmore" and Anthony Mason for "FNU Mason."

**IT IS SO ORDERED.**

Signed: August 31, 2023

Martin Reidinger
Chief United States District Judge